# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RENEE WEISS, | ) | CASE NO. 5:22-cv-160 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| LOWES COMPANIES, INC., *et al*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff has filed a motion for leave to amend the complaint, and defendants have filed a response. (Doc. Nos. 6[1] and 8, respectively.) As explained below, the motion to amend is granted in part.

On December 27, 2021, plaintiff Renee Weiss ("Weiss") filed an action in state court against defendants "Lowes Companies, Inc." (Doc. No. 1-1 (Complaint).)[2] According to the complaint, on December 30, 2019, Weiss was injured while shopping in a Lowe's home improvement store when a metal pipe fell from a shelf onto Weiss. (*Id*. ¶ 3.) The accident occurred at the Lowe's store in Alliance, Ohio. (*Id*. ¶¶ 2, 3.) The complaint raises two state law claims—breach of contract and negligence—and seeks monetary damages, interest, and attorney's fees. (*Id*. at 4.) On January 31, 2022, defendants removed this action to federal court,

---

[1] Weiss filed a duplicate motion at Doc. No. 7, which the Court terminates as moot.

[2] Weiss identified two entities, both named "Lowes Companies, Inc."—one with a Kentucky residence and the other with an Ohio residence—as defendants in this action. (*See id*. at 2. All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.)

citing complete diversity of citizenship under 28 U.S.C. § 1332. (Doc. No. 1 (Notice of Removal) ¶ 5.)

In the present motion, Weiss requests leave to add Ohio Department of Medicaid ("ODM") as a party to this action, representing that ODM "has an interest in these proceedings in that their inclusion . . . will add [to] the expeditious administration of justice." (Doc. No. 6 at 1.) Appended to the motion is a proposed amended complaint that shows ODM as a party defendant and adds a third cause of action in which it pleads that Weiss "was the recipient of benefits" from ODM in that ODM "may have paid medical expenses for medical treatment provided to [Weiss] as a direct and proximate result of the injuries" Weiss sustained in the accident at the Lowes' store on December 30, 2019. (Doc. No. 6-1 (Proposed Amended Complaint) ¶ 14.) It further provides that ODM "should assert its [subrogation] claim or be forever barred[,]" and that any claim by ODM should be "limited to and in accordance with" Ohio Rev. Code § 2323.44. (*Id*. ¶¶ 15–16.)

Defendants advise that they do not "generally oppose" Weiss' motion to add ODM as a party to this action, but object to Weiss' proposed amended complaint "for two (2) minor reasons." (Doc. No. 8 at 1.) Specifically, defendants propose that, "[i]f leave is granted, the Court should order that: (1) Medicaid, a nominal party lienholder, can only be joined as a party plaintiff as its interests are aligned with [Weiss'] interests; and (2) Lowe's Companies, LLC, the proper party, must be substituted in place of Lowe's Companies, Inc., the improper party." (*Id*.) Weiss did not file a reply in support of her motion or otherwise respond to defendants' objections to the proposed amended complaint.

The Court agrees with defendants that ODM should be added, if at all, as a party plaintiff. It is the district "court's responsibility to ensure that the parties are properly aligned according to their interests in the litigation." *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (citations omitted). To accomplish this task, the district court looks to the primary purpose or primary dispute in the controversy. *See id*. For example, in *Cleveland Housing*, the property owner, an Ohio resident, brought a public nuisance action against Deutsche Bank and several affiliated companies. The plaintiff also named the City of Cleveland as a defendant as a precaution to avoid the problem of a potential buyer taking the property subject to the city's lien for unrecorded assessments. The court found that the primary dispute "stem[med] from the [property owner's] demand that [the defendants] abate the alleged nuisances relating to [the] properties[.]" *Id*. The city's interest in its liens was ancillary or secondary to the primary controversy. The court held that the city was properly aligned as a party plaintiff, and that, as a result, there was complete diversity between the plaintiffs and defendants. *Id*. at 560.

Similarly, here, the primary controversy or dispute is whether Weiss is entitled to damages from defendants for the injuries she allegedly sustained while shopping in Lowe's Alliance, Ohio store. ODM's lien for the benefits it paid out to Weiss for those injuries is "secondary to the purpose of the lawsuit." *See Spangler v. Sensory Effects Powder Sys., Inc*., No. 3:15-cv-75, 2015 WL 1505766, at *1 (N.D. Ohio Apr. 1, 2015) (lien of Ohio Bureau of Workers Compensation for benefits paid out to plaintiff was ancillary to plaintiff's claim for damages from his employers for workplace injuries); *see, e.g., Roman v. Barlow*, No. 2:12-cv-747, 2012 WL 6594961, at *3 (S.D. Ohio Dec. 18, 2012) (finding medical insurer was properly realigned as

a plaintiff where its subrogation interest in recouping payment for medical bills was secondary to the question of liability for an automobile accident). Accordingly, the Court finds that ODM would be properly aligned as a party plaintiff in this action.

Additionally, the Court agrees with defendants that the proper defendant is Lowe's Companies, LLC. As defendants represented in their response brief, "Lowe's has judicially admitted that Lowe's Home Centers, LLC is the appropriate party in this matter and Lowe's Corporate Disclosure Statement identifies the holding entity Lowe's Companies, Inc. as Lowe's Home Centers, LLC's parent company." (Doc. No. 8 at 1 n.1.) Weiss does not challenge this representation, or otherwise object to the substitution of "Lowe's Companies, LLC" as the party defendant in this action.

For the foregoing reasons, Weiss' motion to amend is GRANTED IN PART. Weiss is granted leave until July 8, 2022 to file an amended complaint adding Ohio Department of Medicaid as a party plaintiff and substituting Lowe's Companies, LLC as the proper party defendant.

**IT IS SO ORDERED**.

Dated: June 21, 2022

                                             **HONORABLE SARA LIOI**
                                             **UNITED STATES DISTRICT JUDGE**